UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA R.,[1]<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security,<br><br>Defendant. | Case No. CV 18-03982 RSWL (RAO)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, all of the other records and files herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). The Court has further engaged in a *de novo* review of those portions of the Report to which the Commissioner has objected.

The Commissioner contends that, contrary to the Court's findings in the Report, the Administrative Law Judge ("ALJ") articulated five specific reasons for discounting Plaintiff's subjective statements. (Dkt. No. 22 at 1-2.) According to the Commissioner, the ALJ rejected Plaintiff's allegations because the objective findings

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

were inconsistent with Plaintiff's allegations, Plaintiff's activities were inconsistent with the alleged severity of her impairments, Plaintiff stopped working not due to disability but because her employer's business closed, Plaintiff presented no evidence of treatment after March 2015, and Plaintiff was able to participate and interact appropriately at the hearing. (*Id.*)

Although the ALJ objectively summarized these portions of the record, the ALJ did not connect them to Plaintiff's testimony and did not explain what testimony was not credible, as is required. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."); SSR 16-3p, 2016 WL 1119029, at *9 (S.S.A. Mar. 16, 2016) ("The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). "[P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (emphasis in original). Providing only a summary of the evidence supporting the ALJ's determination, without some reasoning, is reversible error. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014); *see also Reysen v. Berryhill*, 743 F. App'x 812, 815 (9th Cir. 2018) (finding error when an ALJ cited to treatment records but failed to identify specific testimony that was inconsistent with those records).

///
///
///
///

      Accordingly, the Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

      IT IS ORDERED that the decision of the Commissioner of Social Security is reversed, and the matter is remanded for further administrative action.

DATED: 4-12-19      RONALD S.W. LEW
                                      RONALD S.W. LEW
                                      UNITED STATES DISTRICT JUDGE